IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BARBARA A. HARRIS, o/b/o | ) | |
| DEMARCO PULLUAIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-0597-CV-W-GAF-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff's grandmother, on Plaintiff's behalf, filed an application for child's supplemental security income (SSI) benefits based on disability under Title XVI of the Social Security Act (the Act), 42 U.S.C. §§ 1381, *et seq*. The application was denied initially. On September 26, 2007, following a hearing, an administrative law judge (ALJ) found that Plaintiff was not under a "disability" as defined in the Act at any time from April 27, 2005, through the date of the decision. On June 17, 2008, the Appeals Council of the Social Security Administration denied Plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *See Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. *See Juszczyk v. Astrue*, 542 F.3d 626, 631 (8th Cir. 2008). Evidence that both supports and detracts from the Commissioner's decision should be considered, and an

administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. *See Finch*, 547 F.3d at 935 (citing *Eichelberger v. Barnhart*, 390 F.3d 584, 589 (8th Cir. 2004)). A court should disturb the ALJ's decision only if it falls outside the available "zone of choice" and a decision is not outside that zone of choice simply because the court may have reached a different conclusion had the court been the fact finder in the first instance. *See Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006) (citations omitted). The Eighth Circuit has further noted that a court should "defer heavily to the findings and conclusions of the SSA." *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

To establish entitlement to benefits, Plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. §§ 1382c(a)(3)(A).[1]

Plaintiff argues that the ALJ erred by failing to find his impairments functionally equal to the severity of a listed impairment. Specifically, Plaintiff argues that the ALJ erred by failing to find that he had a marked limitation in at least one of the following five domains: acquiring and using information, attending and completing tasks, moving about and manipulating objects, caring for yourself, or health and physical well-being.

A three-step sequential evaluation process is used to determine disability for children. *See* 20 C.F.R. § 416.924(a) (2009). The three-step process requires a child to show: (1) that he was not performing substantial gainful activity; (2) that he had a "severe" impairment or

---

[1] Upon review of the record and the law, the Defendant's position is found to be persuasive. Much of the Defendant's brief is adopted without quotation designated.

2

combination of impairments; and (3) that his impairment or combination of impairments met, medically equaled, or functionally equaled the severity of an impairment in the listings. *See* 20 C.F.R. § 416.924.  To establish functional equivalence, a child must have a medically determinable impairment or combination of impairments that results in "marked" limitations in two domains or an "extreme" limitation in one domain.  The following six domains are considered: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being.  *See* 20 C.F.R. § 416.926a(b)(1)(i)-(iv) (2009).  A child will be found to have a "marked" limitation in a domain if the child's impairment(s) interferes seriously with his ability to independently initiate, sustain, or complete activities.  *See* 20 C.F.R. § 416.926a(e)(2)(I).  'Marked" also means a limitation that is "more than moderate" but "less than extreme."  *Id.*  A child will be found to have an "extreme" limitation in a domain if the child's impairment(s) interferes "very seriously" with his ability to independently initiate, sustain, or complete activities.  *See* 20 C.F.R. § 416.926a(e)(3)(i).  "Extreme" limitation is the rating given to the worst limitations, but does not necessarily mean a total lack or loss of ability to function.  *Id.*

In this case, the ALJ determined that Plaintiff had never worked, and that he had the severe impairments of ADHD and disruptive behavior disorder.  The ALJ also determined that Plaintiff did not meet or medically equal the severity standards of an impairment listed at 20 C.F.R. pt. 404, subpt. P, app. 1.  The ALJ then determined that Plaintiff had a marked limitation in the domain of interacting and relating with others, but no other marked limitations.  Consequently, the ALJ found that Plaintiff was not disabled.

With respect to the domains of acquiring and using information and attending to and completing tasks, the ALJ found that Plaintiff had a less than marked limitation in these areas. As the ALJ noted, Plaintiff was placed in special education due to concerns with cognition, academics, behavior, and language. Intelligence testing revealed, however, that Plaintiff performed in the low average range of intellectual functioning, and he had never been held back in school. Additionally, Plaintiff's treatment providers repeatedly noted that Plaintiff's symptoms improved with the use of medication, including decreased defiance and improved concentration. Plaintiff's grandmother reported that Plaintiff had "drastically" improved with the use of medication. She also stated that Plaintiff's mood was better, his work was a "little bit better," and he was "making an effort." Further, after Plaintiff began taking medication, mental status examinations revealed that he was calm and cooperative with intact attention and concentration. *See Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998) (finding that impairments that are controllable or amenable to treatment do not support a finding of disability). However, despite the efficacy of treatment, the evidence of record indicates that Plaintiff missed multiple doctor's appointments and failed to take his medication on some occasions. *See Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment also weighs against a claimant's credibility."). After considering the evidence discussed above, the ALJ noted that if medication and therapy were consistently applied, Plaintiff's academic progress and his ability to attend to and complete tasks would likely improve. The ALJ's determination that Plaintiff had less than a marked limitation in the domains of acquiring and using information and attending to and completing tasks is supported by substantial evidence.

4

With respect to the domains of moving about and manipulating objects, caring for yourself, and health and well-being, the ALJ found that Plaintiff had no limitations in these areas. As the ALJ noted, Plaintiff alleged no limitations in the ability to move about and manipulate objects or care for himself. Plaintiff also did not allege disability due to any physical impairments in his application or at the administrative hearing. *See Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996) (quoting *Brockman v. Sullivan*, 987 F.2d 1344, 1348 (8th Cir. 1993)) (finding that the ALJ is under no "obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability."). Moreover, the evidence of record does not indicate that Plaintiff had any significant problems with motor ability or caring for personal needs. Plaintiff's grandmother testified that he colored, read, and played basketball and video games. Plaintiff dressed himself, brushed his teeth, picked up his room, helped wash dishes, and helped vacuum. Plaintiff's grandmother also stated that Plaintiff was a "healthy child" with no physical problems. Additionally, school records indicate that Plaintiff was healthy, and Dr. Porter noted no physical concerns or abnormalities. An ECG performed for medication purposes was also normal. Thus, the ALJ properly found no limitations in the domains of moving about and manipulating objects, caring for yourself, and health and physical well-being.

Because Plaintiff had only one marked limitation, the ALJ properly found that Plaintiff's limitations resulting from his impairments were not functionally equivalent to a listed impairment. The ALJ's findings are supported by substantial evidence.

Plaintiff argues further that the ALJ failed to develop the record because she did not obtain a consultative evaluation of Plaintiff's abilities relative to the domains of functioning. In

5

this regard, the ALJ is required to order additional medical tests and examinations only when Plaintiff's medical sources do not give sufficient medical evidence about an impairment to determine whether Plaintiff is disabled. *See* 20 C.F.R. § 416.917 (2009). Moreover, it is Plaintiff's burden to show that he is disabled. *See* 20 C.F.R. § 416.912 (2009).

In this case, consistent with the regulations, the ALJ considered evidence from Plaintiff's treating physicians, psychiatrists, and counselors. *See* 20 C.F.R. 416.924a (2009). The ALJ also considered Plaintiff's school records and statements from his grandmother and great aunt. Moreover, as the ALJ noted, her findings regarding improvement in Plaintiff's condition with treatment and medication are consistent with and supported by the opinion of the nonexamining State Agency psychiatrist. Thus, the record contained sufficient evidence for the ALJ to make an assessment, and she was not required to order additional testing. *See Tellez v. Barnhart*, 403 F.3d 953, 956-57 (8th Cir. 2005) (finding that the ALJ did not err by failing to order additional assessments where "there [was] no indication that the ALJ felt unable to make the assessment he did and his conclusion [was] supported by substantial evidence.").

WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: June 24, 2009